Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:         mark@markmerin.com
                    paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF TOMI KARTCHNER, S.B.,
KERRY CALVERT, and AARON KARTCHNER

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
cfessenden@porterscott.com
Matthew W. Gross, SBN 324007
mgross@porterscott.com
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants
COUNTY OF MERCED, MERCED COUNTY
SHERIFF'S OFFICE, and VERNON WARNKE

LINDSEY M. ROMANO (SBN: 337600)
lromano@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-4126
Facsimile: (415) 986-8054

Attorneys for Defendants
CALIFORNIA FORENSIC MEDICAL GROUP
dba WELLPATH, SAETERN KAO, TERESA
OLVERA, and DYLAN FULCHER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ESTATE OF TOMI KARTCHNER, S.B., KERRY CALVERT, and AARON KARTCHNER,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, VERNON WARNKE, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, SAETERN KAO, TERESA OLVERA, DYLAN FULCHER, and DOE 1 to 20,<br><br>Defendants. | Case No. 1:23-cv-01672-KES-SKO<br><br>**STIPULATION FOR PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION; ORDER**<br><br>**(Doc. 40)** |

1

**STIPULATION**

Pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 141.1, and 45 C.F.R. § 164.512(e)(1)(v), the parties stipulate to the entry of a qualified protective order as follows:

1. The parties and their attorneys are authorized to receive, subpoena, and transmit "protected health information" pertaining to Tomi Kartchner including that which is contained in the records of the County of Merced, Merced County Sheriff's Office, and/or California Forensic Medical Group dba Wellpath, to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103, 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information to attorneys representing any parties in the above-captioned matter, including Plaintiffs and Defendants.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process. Nothing in this section shall be construed to prohibit counsel in this matter from sharing information as permitted by law.

5. Prior to disclosing protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their

2

**STIPULATION FOR PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION**
*Estate of Kartchner v. County of Merced*, United States District Court, Eastern District of California, Case No. 1:23-cv-01672-KES-SKO

attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return the protected health information to the covered entity or destroy any and all copies of protected health information, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not authorize either party to seal court filings or court proceedings. A party may seek permission from the Court to file protected health information under seal pursuant to Local Rule 141.

IT IS SO STIPULATED.

Dated: June 19, 2024

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

*/s/ Mark E. Merin*

By: _____
Mark E. Merin
Paul H. Masuhara

Attorneys for Plaintiffs
ESTATE OF TOMI KARTCHNER, S.B.,
KERRY CALVERT, and AARON KARTCHNER

Dated: June 24, 2024

Respectfully Submitted,
P O R T E R | S C O T T

*/s/ Matthew W. Gross*
(as authorized on June 24, 2024)
By: _____
Carl L. Fessenden
Matthew W. Gross

Attorneys for Defendants
COUNTY OF MERCED, MERCED COUNTY SHERIFF'S OFFICE, and VERNON WARNKE

| | |
|---|---|
| Dated: June 19, 2024 | Respectfully Submitted,<br>GORDON REES SCULLY MANSUKHANI, LLP<br><br>*/s/ Alexander M. Jurenka*<br>(as authorized on June 19, 2024)<br>By: _____<br>Allison J. Becker<br>Lindsey M. Romano<br>Alexander M. Jurenka<br><br>Attorneys for Defendants<br>CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, SAETERN KAO, TERESA OLVERA, and DYLAN FULCHER |

**ORDER**

The parties' foregoing stipulation (Doc. 40) is GRANTED.

IT IS SO ORDERED.

Dated:   **June 26, 2024**              */s/ Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE

4